[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 07-15484
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 26, 2008
THOMAS K. KAHN
CLERK

D.C. Docket  No. 06-00168-CR-KD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY RENARD PRUITT,
a.k.a. Anthony Rynard Pruitt,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(November 26, 2008)

Before EDMONDSON, Chief Judge, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Defendant-Appellant Anthony Renard Pruitt appeals his convictions for

possessing a firearm as a convicted felon and after having been convicted of a

misdemeanor crime of domestic violence, 18 U.S.C. § 922(g)(1), (9). No reversible error has been shown; we affirm.

This case stems from a 911 call made by Pruitt's wife, Charese Pruitt. In the call, she states that she is trying to leave for work but that her "soon-to-be-ex-husband" is blocking the driveway with his car and not allowing her to leave. In pertinent part, she states that Pruitt had a gun and that she saw the gun that morning. At trial, the government admitted the 911 call into evidence.[1] At the scene of 5050 Olivedale Drive, police officers searched both the Pruitts and their cars for firearms and found none. The officers then obtained Pruitt's consent to search the house. The search uncovered a bag in the master bedroom containing men's clothing and a handgun.

At trial, the government presented the testimony of Teresa Gunther, who testified to the following facts: (1) she owned the gun found in the bag; (2) she never had given or sold the gun to anyone; and (3) she did not know anyone who lived at the Olivedale Drive residence.

The government also introduced testimony of fingerprint examiners and of officers who handled the gun to explain the presence and absence of fingerprints

---

[1] Charese Pruitt invoked the marital privilege and did not testify against her husband. The 911 call was admitted -- even though Pruitt could not cross-examine his wife on it -- pursuant to Davis v. Washington, 126 S.Ct. 2266 (2006).

on the gun. Three prints were lifted from the gun: one was unsuitable for identification; one did <u>not</u> match Pruitt's and later was lost; and a final print did <u>not</u> match Pruitt's, Charese Pruitt's, Gunther's, or several of the officers who had handled the gun, including the officer who test fired the gun without wearing gloves. A fingerprint specialist testified that it was possible to handle the gun without leaving fingerprints.

On appeal, Pruitt argues that the government produced insufficient evidence to convict him. We review <u>de novo</u> a preserved sufficiency-of-the-evidence challenge, "viewing the evidence in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor." <u>United States v. Wright</u>, 392 F.3d 1269, 1273 (internal quotation omitted).

We conclude that sufficient evidence existed for a reasonable jury to conclude that Pruitt was guilty of the offenses. For both offenses, the government had to prove that Pruitt knowingly possessed the firearm. <u>See</u> <u>United States v. Deleveaux</u>, 205 F.3d 1292, 1296-97 (11th Cir. 2000) (listing the elements of a section 922(g)(1) offense); <u>United States v. Griffith</u>, 455 F.3d 1339, 1340-41 (11th Cir. 2006) (noting the elements of a section 922(g)(9) offense).[2] Possession may

---

[2]The parties stipulated to the other elements of both offenses: that is, that Pruitt had the qualifying felony and misdemeanor crime of domestic violence convictions and that the gun affected interstate commerce. Thus, the only issue for sufficiency purposes is whether the

be actual or constructive. United States v. Hernandez, 433 F.3d 1328, 1333 (11th Cir. 2005). "Constructive possession exists when a defendant has ownership, dominion, or control over an object itself or dominion or control over the premises or the vehicle in which the object is concealed." Id.

While the government's evidence in this case was not overwhelming, it was sufficient for a reasonable jury to conclude beyond a reasonable doubt that Pruitt constructively possessed the gun based on the following things and the inferences: (1) Charese Pruitt stated in the 911 call that Pruitt had a gun and that she had seen it that morning; (2) a gun was discovered in a bag containing men's clothing in the house; and (3) officers obtained Pruitt's consent to search the house, indicating that he had dominion and control over the premises where the gun was discovered. While Pruitt argues that the government presented no testimony about whether Pruitt lived in the house or whether the clothing in the bag belonged to him, this lack of evidence did not prevent the jury from making reasonable inferences from the facts presented.

We now turn to Pruitt's evidentiary challenges. Pruitt argues that the district court erred in admitting (1) Gunther's testimony because it was irrelevant to whether he possessed the gun and was prejudicial because the testimony

---

evidence showed that Pruitt possessed the gun.

4

implied that he had stolen the gun, and (2) the fingerprint evidence about persons who handled the gun but did not leave prints on it because such evidence was irrelevant, cumulative, confusing, and prejudicial.[3]

We review the district court's evidentiary rulings for an abuse of discretion. United States v. Perez-Oliveros, 479 F.3d 779, 783 (11th Cir.), cert. denied, 127 S.Ct. 2964 (2007). We reverse an evidentiary ruling only if it affects a defendant's substantial rights. Wright, 392 F.3d at 1276.

About Gunther's testimony, the district court accepted its relevance because it rebutted Pruitt's implication -- brought out on cross-examination -- that someone else in the house, such as Charese Pruitt, could be the owner of the firearm. The district court instructed the government to prep Gunther to avoid testimony that the firearm had been stolen from her. With her testimony so limited, the district court determined that the relevance of Gunther's ownership, together with her inability to explain the firearm's presence in the Pruitt house, outweighed Pruitt's prejudice objection.

Pruitt argues that Gunther's testimony was irrelevant: it failed to make it less probable that Charese Pruitt possessed the gun or more probable that Pruitt possessed the gun. But Fed.R.Evid. 401 defines "relevant evidence" as "evidence

_____

[3]Pruitt does not challenge the admission of the 911 call.

having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Whether Charese Pruitt owned the firearm was a "fact that is of consequence." If Charese Pruitt or someone else in the Pruitt household owned the firearm -- as implied by Pruitt during cross-examination --it would make Charese Pruitt's (or other household member's) possession more probable and his possession less probable. The government sought to negate this inference; even if the fact of Charese Pruitt's non-ownership did not resolve definitively the ultimate possession question, Gunther's testimony was probative of a fact of consequence to the action. And we do not accept that the testimony was unfairly prejudicial such that exclusion was warranted under Fed.R.Evid. 403. "Rule 403 is an extraordinary remedy which should be used only sparingly....[Rule 403] permits exclusion only when unfair prejudice substantially outweighs probative value." United States v. Merrill, 513 F.3d 1293, 1301 (11th Cir. 2008) (internal quotation and citation omitted). Unfair prejudice, if any, did not outweigh substantially the probative value of Gunther's testimony. We cannot say that the district court abused its discretion when it allowed Gunther's testimony about the firearm.

About the admission of the challenged fingerprint evidence, we conclude that no abuse of discretion has been shown. Pruitt was accused of possessing a gun, but he did not leave an identifiable fingerprint on it; therefore, evidence about how certain persons touched the gun without leaving fingerprints on it is relevant to show that whether Pruitt left a fingerprint on the gun is not dispositive of whether he possessed it. The probative value of this evidence was not substantially outweighed by unfair prejudice or confusion of the issues and the evidence, therefore, was not subject to exclusion under Fed.R.Evid. 403.[4]

AFFIRMED.[5]

---

[4]While the fingerprint cards of officers who only handled the gun while wearing gloves may have been only minimally relevant, any confusion or repetition did not substantially outweigh the probative value of the evidence.

[5]Because we conclude that no error has been shown in the admission of evidence, we reject Pruitt's argument that the cumulative error of these evidentiary rulings deprived him of a fair trial. See United States v. Waldon, 363 F.3d 1103, 1110 (11th Cir. 2004) (where there is no error or only a single error, there can be no cumulative error).